UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO DEQUAN POSTELL,

        Petitioner,        Case No. 2:11-cv-169

v.        Honorable Robert Holmes Bell

JEFFREY WOODS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner was convicted in the Calhoun County Circuit Court of two counts of armed robbery, three counts of possession of a firearm during the commission of a felony, first-degree home invasion, and felon in possession of a firearm. He was sentenced as a fourth habitual offender to prison terms of forty to seventy years for each of the armed robbery convictions, five years for each of the felony-firearm convictions, ten to forty years for the first-degree home invasion conviction, and five to ten years for the felon-in-possession conviction.

Petitioner appealed as of right to the Michigan Court of Appeals. In addition to claims raised by his court-appointed appellate counsel, Petitioner filed a *pro se* supplemental brief setting forth various claims of trial error. The Michigan Court of Appeals issued an unpublished opinion on April 29, 2004, affirming Petitioner's conviction, but remanded for the correction of a technical error in the judgment of sentence. The Michigan Supreme Court subsequently denied his application for leave to appeal on March 29, 2005. Petitioner did not appeal to the United States Supreme Court.

On October 5, 2005, Petitioner filed a petition for habeas relief with this Court raising eight claims of constitutional error. The Court determined that Petitioner had not exhausted all of his claims and that he had sufficient time remaining in the limitations period to file a motion for relief from judgment in state court and to return to the Court with an amended petition raising only exhausted claims. Thus, the Court dismissed his petition without prejudice on November 30, 2005. *See Postell v. Vasbinder*, No. 1:05-cv-687, slip op. (W.D. Mich.) (the "2005 matter"). On June 1, 2006, Petitioner filed a motion for relief from judgment in state court pursuant to MICH. CT. R. 6.500. The state court denied his motion on June 14, 2006. Petitioner contends that he filed an application for leave to appeal to the Michigan Court of Appeals, which was denied, and an untimely application for leave to appeal to the Michigan Supreme Court, though he does not provide any

details regarding, or evidence of, these appeals.[1] On March 21, 2011, Petitioner filed a motion in the 2005 matter seeking a ruling on his exhausted claims. Petitioner asserted that he sought post-conviction relief "to no avail" on his unexhausted claims and that he "has chosen not to seek federal habeas relief under those particular claims." (*Postell v. Vasbinder*, No. 1:05-cv-687, Mot. for order, docket #9.) The Court denied his motion on March 25, 2011, because the habeas petition filed in that matter had been dismissed and the matter was closed. The Court indicated that Petitioner would need to submit a new petition in order to pursue his claims.

Petitioner filed the instant application for habeas relief on May 2, 2011. Petitioner asserts that he is pursuing only the claims that were properly exhausted when he filed his petition in the 2005 matter.

It appears that Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] A search of the records of the Michigan Court of Appeals and the Michigan Supreme Court reveals no appellate proceedings under Petitioner's name other than Petitioner's direct appeal of his criminal conviction, and a docket sheet obtained from the circuit court does not show an appeal from the denial of the motion for relief from judgment.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals affirmed the conviction and the Michigan Supreme Court denied his application for leave to appeal on March 29, 2005. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period did not begin to run, however, until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 27, 2005, and the one-year limitations period began to run thereafter.

Petitioner's motion for post-conviction relief tolled the statute of limitations, *see* 28 U.S.C. § 2244(d)(2). Petitioner filed the motion for relief from judgment on June 1, 2006, when there were twenty-six days remaining in the limitations period. The statute of limitations began to run again when the proceedings for post-conviction were closed. *See id.* Though Petitioner does not indicate when the Michigan Court of Appeals or the Michigan Supreme Court issued their decisions, it is evident that the proceedings on his motion for relief had ended by the time Petitioner returned to this Court on March 21, 2011, to pursue his exhausted claims. Petitioner asserts that he moved for a ruling in the 2005 matter after he had appealed the circuit court's ruling on his motion for relief from judgment to the court of appeals, and after he failed to file a timely application to the Michigan Supreme Court. (Pet. ¶ 12, docket #1.)

Moreover, more than twenty-six days elapsed between March 21, 2011, the date that Petitioner filed his motion for a ruling in the 2005 matter, and May 2, 2011, the date that Petitioner filed the instant petition.[3] Thus, even in the unlikely event that the post-conviction proceedings remained pending until March 21, 2011, nearly five years after the circuit court denied the motion for relief from judgment, the time remaining in the limitations period ran out before Petitioner filed the instant petition. Therefore, the petition is barred by the statute of limitations.

Petitioner argues that the statute of limitations should not be applied because it violates the "Petition Clause" of the First Amendment, citing *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). In *Thaddeus-X,* the Sixth Circuit recognized that the First Amendment protects a prisoner's right of access to the courts, which includes the right to pursue habeas corpus applications.

---

[3]The same result obtains if the Court refers to April 27, 2011, the date that Petitioner signed his petition, as the effective filing date.

*Id.* at 391. While it is true that Petitioner has a First-Amendment right to pursue a claim for relief under the habeas statute, it does not follow that he is constitutionally entitled to seek relief beyond the confines of that statute. In other words, the statute of limitations in 28 U.S.C. § 2244(d)(1) does not implicate the First Amendment because it is a limitation on the time period during which relief is available; it is not a limitation on the First Amendment right of access recognized in *Thaddeus-X*, i.e., the right to bring an application for habeas corpus relief in the federal court. Accordingly, Petitioner's argument that the statute of limitations should not be applied because it is unconstitutional is without merit.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner asserts that he is entitled to equitable tolling but he fails to allege sufficient facts or circumstances that would warrant its application in this case. The fact that Petitioner is

untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner claims that he is entitled to equitable tolling because he believed, based on the Court's opinion in the 2005 matter, that his exhausted claims had been stayed.  He refers to the following portion of the Court's opinion:

> Because Petitioner appears to have some claims that are exhausted and some that are not, his petition is "mixed." . . . the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.

*Postell v. Vasbinder*, No. 1:05-cv-687, slip op. at 5 (W.D. Mich. Nov. 30, 2005) (Bell, J.).  Later in the opinion, however, the Court indicated that "a stay of these proceedings is not warranted," and that "Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims."  *Id.* at 6.  Finally, the Court indicated that it was going to "dismiss" the petition.  *Id.*  Thus, the Court cannot conclude that Petitioner is entitled to equitable tolling as a result of his erroneous understanding of the Court's opinion in the 2005 matter.  The Court's opinion clearly indicated that the entire petition was being dismissed rather than stayed, and

as noted, *supra*, a petitioner's failure to understand, or lack of training in, the law is not grounds for equitable tolling.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day v. McDonough,* 547 U.S. 198, 210 (2006). This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2011

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).