UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO DEQUAN POSTELL,

      Petitioner,

                                        Case No.: 2:11-cv-169

v.

                                        HON. ROBERT HOLMES BELL

JEFFREY WOODS,

      Respondent.

_____/

**O P I N I O N**

Before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 by Petitioner Antonio Dequan Postell. (Dkt. No. 1.) On July 13, 2011, Magistrate Judge Timothy P. Greeley entered a Report and Recommendation, (Dkt. No. 7, "R&R"), recommending that Petitioner's habeas corpus petition be dismissed as time-barred. Petitioner entered his Objections on July 26, 2011. (Dkt. No. 8.) The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* In addition, pursuant to *Day v. McDonough*, 547 U.S. 198 (2006), Petitioner must be accorded fair notice that his petition may be denied as time-barred and an opportunity to present his position. 547 U.S. at 210. The R&R and Petitioner's Objections satisfy those requirements. Petitioner has four numbered objections.

Petitioner's first objection is that "[t]he Magistrate[] erred in not addressing the constitutional claims in the petition and compounded the error by failing to address the questions presented in the writ." (Obj. 1.) Petitioner goes on to assert that "it is highly unlikely that the Magistrate even examined the claims within the petition or the contents of each claim." (*Id.* at 2.) In essence, Petitioner charges the Magistrate Judge with failing to promptly examine the petition, as required by Rule 4 of the Rules Governing Section 2254 Cases.

The Court can find no evidence of this failing. The Magistrate Judge was not required to discuss each of the petition's constitutional claims and questions. Although such discussion may provide a more satisfying resolution for both Petitioner, it would not be a proper use of judicial resources. The Magistrate Judge fulfilled his responsibility of examining the petition, and he made the determination that "it plainly appear[ed] from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Magistrate Judge fully and carefully explained his reasons for that determination in the R&R.

Moreover, Petitioner has not offered any evidence that the Magistrate Judge failed to examine the petition beyond the assertion that, had the Magistrate Judge carefully examined the petition, "he would not have concluded that the writ is barred." (Obj. 2.) "Petitioner believes that the Magistrate would have recognized and acknowledged that the interest of justice in this case would be better served in granting the Petitioner equitable

tolling."[1] (*Id.*) This assertion makes up the substance of Petitioner's fourth objection – that "[t]he Magistrate erred in concluding that there is a failure to allege sufficient facts or circumstances warranting equitable tolling in this case." (Obj. 4.) Petitioner argues that he is entitled to equitable tolling because he diligently pursued his rights and some extraordinary circumstance stood in his way. (Obj. 4-8); *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). The Court does not agree. Petitioner originally petitioned this Court for relief under section 2254 in 2005, when the case was dismissed without prejudice for failure to exhaust state-court remedies. (Case No. 1:05-cv-687, Dkt. Nos. 7, 8.) Petitioner then had over five years in which to pursue such remedies. It now appears that he failed to do so. (*See* R&R 2-3; Obj. 5.) Failing to monitor the status of an appeal and diligently pursue section 2254 relief does not justify equitable tolling. *Elliot v. Dewitt*, 10 F. App'x 311 (6th Cir. 2001).

Petitioner's renewed petition may nonetheless have been timely had his 2005 petition been stayed rather than dismissed. Petitioner indicates that he believed that it had, in fact, been stayed. (Obj. 7.) As noted in the R&R, "[t]he Court's opinion clearly indicated that the entire petition was being dismissed rather than stayed," (R&R 7), and Petitioner's contrary belief was groundless. "The fact that Petitioner is untrained in the law, proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period

---

[1]Petitioner does not object to the Magistrate Judge's calculation of the one-year limitations period.

does not warrant tolling." (R&R 6-7 (citing cases).) In short, upon *de novo* review and after a careful examination of the relevant portions of the petition, the Court agrees with the Magistrate Judge's conclusion that the writ is barred and that equitable tolling is not warranted. The Court also finds that failure to agree with Petitioner's conclusions is not evidence that the Magistrate Judge failed to examine the petition. Both Petitioner's first and fourth objections will be overruled.

Petitioner's second objection is that "[t]he Magistrate erred in concluding that the limitation statute provided in 28 U.S.C. § 2244(d)(1) is not in conflict with the constitutional authority as found in the first amendment of the United States Constitution."[2] (Obj. 2.) The Court finds no error. The Magistrate Judge properly rejected the argument that the statute of limitations found in section 2244 violates the Constitution, as has the Sixth Circuit Court of Appeals. *See Hill v. Dailey*, 557 F.3d 437, 438-439 (6th Cir. 2009). Even were the Court

---

[2]Petitioner also asserts in this section of his Objections that "the Magistrate ignores the plain language of both the United States Constitution and [*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)]," "[t]he Magistrate failed to exercise it's [sic] federal-question jurisdiction under . . . Article III of the Constitution," and "[t]he Magistrate erred by not saying what the Supreme Law is." (Obj. 3 (internal quotation marks omitted).) The Court finds no evidence of those failings. The Magistrate Judge properly exercised the power granted him, and he correctly read and applied the plain language (and the authoritative interpretations of) both the Constitution and *Thaddeus-X*. The Magistrate Judge can hardly be faulted for failing to quote the Supremacy Clause, but pursuant thereto, "[the] Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land." Here, the Magistrate Judge correctly (if impliedly) recognized that treaties were not implicated and correctly determined that the Constitution and the relevant "Laws of the United States" are not in conflict.

inclined to reject the Magistrate Judge's determination, it is not empowered to reject the Sixth Circuit's. This second objection will also be overruled.

In his third objection, Petitioner argues that, "[t]he Magistrate erred by neglecting to forward a certified statement to the Attorney General of the United States, pursuant to 28 U.S.C. § 2403." (Obj. 3.) Petitioner has not demonstrated that the Magistrate Judge was in error or that the Magistrate Judge had the responsibility to certify the fact of a constitutional challenge to a statute to the Attorney General. Thus, to the extent that this is an objection to the R&R, the objection will be overruled. Nonetheless, Petitioner is correct that his petition draws into question the constitutionality of an Act of Congress and that the Court (though not necessarily the Magistrate Judge) has the responsibility to certify that fact to the Attorney General. *See* 28 U.S.C. § 2403. Pursuant to Rule 5.1(c), the Attorney General has sixty days from the date of certification to intervene. "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c). Here, the Court has rejected the constitutional challenge and is not inclined to hold the statute unconstitutional. Still, the Sixth Circuit has held that failure to certify a question to the Attorney General under these circumstances is a "technical violation" of 28 U.S.C. § 2403. *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000); *see also Merrill v. Addison*, 763 F.2d 80, 82 (2d Cir. 1985) ("Certification is . . . a duty of the court that should not be ignored, even if the claim is obviously frivolous or may be disposed of on other grounds."). Thus, the Court must certify

to the Attorney General that a statute has been questioned, and the Court will do so now.

The question becomes whether the Court must wait to enter judgment pending the Attorney General's decision on whether to intervene. The Court finds no good grounds to delay the entry of judgment. In *Thatcher v. Tennessee Gas Transmission Co.*, 180 F.2d 644 (5th Cir. 1950), the Fifth Circuit upheld the constitutionality of a statute although the question had not been certified to the Attorney General below, but it certified the question to the Attorney General and made its affirmation of the district court without prejudice to the right of the United States to intervene. The Court can locate no authority to indicate that that procedure is inappropriate at the district court level. As noted above, the Civil Rules enjoin the Court from entering a final judgment holding a statute to be unconstitutional, but the Court is permitted to reject a constitutional challenge before the time to intervene expires. Fed. R. Civ. P. 5.1(c). "Certification . . . [is] permissible at any stage of the proceeding," *Wallach v. Lieberman*, 366 F.2d 254, 258 (2d Cir. 1966), and "[a]bsent indication of harm, or prejudice to the government's opportunity to fully present its views, belated certification, while not ideal, is sufficient to honor the purpose of section 2403," *Merrill v. Town of Addison*, 763 F.2d 80, 83 (2d Cir. 1985). The Court will enter judgment in favor of Respondent, but it will entertain a motion for reconsideration by the Attorney General within sixty days if the Attorney General thinks that intervention is necessary. *See Buchanan County v. Blankenship*, 545 F. Supp. 2d 553, 555 n.3 (W.D. Va. 2008).

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. An order and certification in accordance with this Opinion shall be entered.

Dated: August 4, 2011                            /s/ Robert Holmes Bell
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE